Justin Fok, Esq., CA Bar: 242272
Law Offices of Jean D. Chen
2107 N. 1st Street, Suite 400
San Jose, CA 95131
Telephone: (408) 437-1788
Facsimile:  (408) 437-9788
Email: jfok@jclawoffice.com

Attorney for Plaintiff
Hao Xu

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| **Hao Xu;** | Case No. C 07-3383 PVT |
| Plaintiff, | |
| v. | **OPPOSITION IN SUPPORT OF PLAINTIFFS CROSS MOTION FOR SUMMARY JUDGMENT** |
| **Peter D. Keisler**[*], United States Acting Attorney General, U.S. Department of Justice; **Michael Chertoff**, Secretary of the Department of Homeland Security; **Emilio T. Gonzalez**, Director of United States Citizenship and Immigration Services; | Date:  Hearing date vacated by court order<br>Judge: Hon. Patricia V. Trumbull |
| Defendants. | |

## I.    DEFENDANT MICHAEL CHERTOFF SHOULD REMAIN

Plaintiff does not object to dismissing Defendants Peter D. Keisler[*], and Emilio T. Gonzalez, from this action.

---

[*] Alberto Gonzales resigned as Attorney General on September 17, 2007. Peter D. Keisler has currently been placed as the Acting Attorney General.

Opposition in Support of Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-3383 PVT

1

## II. ADJUDICATION OF PLAINTIFFS' I-485 APPLICATIONS IS A NON-DISCRETIONARY ACTION THAT MUST BE COMPLETED WITHIN A REASONABLE TIME

Defendants argue that the pace of Plaintiffs application is at the complete discretion of the Attorney General and that Plaintiff is not entitled to a decision within any particular time frame. However, numerous courts, including the Northern District of California have found that the duty to adjudicate Plaintiffs' applications is non-discretionary and must be completed within a reasonable time. *See Wu v. Chertoff, et. al.*, 2007 WL 1223858, *3 (N.D.Cal.) (holding that a clear and certain right exists to have immigration status adjustment applications adjudicated in a reasonable time frame); *Gelfer*, 2007 WL 902382 at *2 (the government has a statutorily prescribed duty to adjudicate a petitioner's immigration status adjustment application 'within a reasonable time' under *5 U.S.C. §555(b)*).  Further, to allow the USCIS a limitless amount of time to adjudicate petitioner's application would be contrary to the "reasonable time" frame mandated under 5 U.S.C. 555(b) and ultimately would negate the USCIS's duty under 8 C.F.R. 245.2(a)(5). *See Singh,* WL 389817 at *3; *Gelfer,* WL 902382 at *2.

### III. FBI NAME CHECK

The Defendant offers no particularized reason as to why Plaintiff's I-485 application is suffering from such long delays other than to give the generic and non-specific explanation that Plaintiff Xu's "name check remains pending." *See* Stearns Declaration ¶17.  Defendants argue that the FBI's name check process is done on a first in first out basis and the effect of expedition would intrude on "first in line" applicants. *See* Motion at 10. Yet according to the USCIS' posted processing times, I-485 applications, on average, are processed within 6-8 months of filing. *See* Complaint, Exhibit 5.  Given this average processing time it is difficult to imagine that there are many I-485 name checks that are "first in line" ahead of Plaintiff.  If there are applicants who have been waiting over three and a half years for their name check in front of Plaintiff, the Defendants have presented no evidence showing how many there are, or indeed if there are *any,* before Plaintiff.  Even given the normal fluctuations inherent in application processing times, a disparity of three years from the average processing time departs from the rule of reason and is not demonstrative of a "first in, first out" procedure for the name checks.

Opposition in Support of Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-3383 PVT

**CONCLUSION**

This Court should deny the defendants' motion for summary judgment as the defendants have failed to show that their delay has been reasonable as a matter of law. Instead, this Court should grant Plaintiffs motion for summary judgment and order the USCIS to expedite Plaintiff's application, which has been under review for nearly three and a half years. Plaintiff has a clear right to relief under both the Mandamus Act and the Administrative Procedures Act, and Defendants have a clear non-discretionary duty to complete adjudication of Plaintiff's I-485 application within a reasonable time. For these reasons, Plaintiff respectfully requests that the Court grant summary judgment in his favor.

Dated: October 30, 2007                                          Respectfully Submitted,


                                                                 _____/s/_____
                                                                 Justin G. Fok
                                                                 Attorney for Plaintiffs